1 DAYNA R. CATChings (Full Name)
2 626 S. ALVARANO 4411 (Address Line 1)
3 Los Angeles, CA. 90057 (Address Line 2)
4 323-573-5355 (Phone Number)

FILED
CLERK, U.S. DISTRICT COURT

02/18/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: KL DEPUTY

5 Plaintiff in Pro Per

6

7

8 **UNITED STATES DISTRICT COURT**

9 **CENTRAL DISTRICT OF CALIFORNIA**

10

11 DAYNA R. CATChings ,    )    Case No.: CV19 9480 DSF (AGR)
12     **Plaintiff,**    HON. Judge Dale (To be supplied by the Clerk)
                          HON. MAg. Judge ALicia G. ROSENBERG TO MARA.
                          CRM 350
13     **vs.**    )    **Civil Rights Complaint Pursuant to**
14 the City of Los Angeles, The )    **42 U.S.C. § 1983 (non-prisoners)**
15 LAPD ans the Sanitation )
16 Department.    )    **Jury Trial Demanded:** ☒ Yes ☐ No
17     _____    )    PlAintiff'S SECOND
                            )    AMENDED ComplAint
18     **Defendant(s).**    )
19 _____
20     *(All paragraphs and pages must be numbered.)*

21     **I. JURISDICTION**

22 1.    This court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

23 Federal question jurisdiction arises pursuant to 42 U.S.C. § 1983.

24

25     **II. VENUE**

26 2.    Venue is proper pursuant to 28 U.S.C. § 1391 because ALL submitted

27 EVIDENCE AND supporting DOCUMENTs AND Exhibits Did in DEED

28 happen in the City of Los Angeles, And The State of CAlifornia

# III. PARTIES

3.  Plaintiff DAYNA R. CHATCHINGS resides at:
(your full name)

626 S. ALVARADO St Apartment 411

Los Angeles, CA. 90057
(your address)

*(You should specifically identify each Defendant you intend to sue in a separate, numbered paragraph.)*

4.  Defendant JASON ABNER works at
(full name of Defendant)

the LAPD, Rampart Division City of Los Angeles
(Defendant's place of work)

Defendant's title or position is Police Officer #35838
(Defendant's title or position at place of work)

This Defendant is sued in his/her (check one or both):

☒ individual capacity          ☒ official capacity

This Defendant was acting under color of law because: He is a Police Officer
who is governed by a Code of Ethics. His Actions violated
Regulation 1013 and Commission Procedure C-3 as well.

5.  Defendant Officer Gras/Giras #35059 works at
(full name of Defendant)

LAPD Rampart Division
(Defendant's place of work)

Defendant's title or position is Police Officer
(Defendant's title or position at place of work)

This Defendant is sued in his/her (check one or both):

☒ individual capacity          ☐ official capacity

This Defendant was acting under color of law because: not only did she
violate my Rights RE: my personal Property Also, she violated Regulation
1013, in addition to Commis, on Procedure C-3 but also the Bell v. City of
Boise et. al. Ruling of 2015 RE: the Rights of Homeless People and their
Property.

6. Defendant _ARMANDO CORTEZ_ works at
*Insert ¶ #*            *(full name of Defendant)*

_LAPD RAMPART DIVISION_ .
            *(Defendant's place of work)*

Defendant's title or position is _Police Officer #38828_
            *(Defendant's title or position at place of work)*

This Defendant is sued in his/her (check one or both):

☒ individual capacity            ☒ official capacity

This Defendant was acting under color of law because _ON 11/22/16 he (the LAPD) AWARDED me DAMAGES of 11/17/16 AS A DIRECT RESULT of Def. MILLER's involvement. He Also violated Regulation 1013 And Commission Procedure AS Well, For NO Follow up or through to help the Plaintiff obtain the money that was AWARDED For my Personal Property, EVEN AFTER the Plaintiff went through the City's ATTORNEY'S OFFICE ITSELF, of his own ORDERS to the Plaintiff._

7. Defendant _Bobby Benson_ works at
*Insert ¶ #*            *(full name of Defendant)*

_SANITATION DEPARTMENT, City of Los Angeles_ .
            *(Defendant's place of work)*

Defendant's title or position is _ENVIRONMENTAL Compliance Inspector_
            *(Defendant's title or position at place of work)*

This Defendant is sued in his/her (check one or both):

☒ individual capacity            ☒ official capacity

This Defendant was acting under color of law because _the Plaintiff's contact with Officer Gras/Giras would NEVER had taken place had he kept his Promise to Protect the Plaintiff's property As long as the Plaintiff continues to comply with Clean Up, which we were Attempting to do on 11/1/17, when Officer GRAS/GIRAS PREVENTED me From moving my TENT AND the Placing it back, As was my Agreement with MR. BENSON in April 2017_

___2___

1   ___. Defendant _JOEL MILLER_____ works at

_Insert ¶ #_                    _(full name of Defendant)_

2
3   _LAPD RAMPART DIVISION_____.
                        _(Defendant's place of work)_

4   Defendant's title or position is _POLICE Officer #35068 (Sgt.)_.
5                        _(Defendant's title or position at place of work)_

6
7   This Defendant is sued in his/her (check one or both):

8       ☒ individual capacity              ☒ official capacity

9   This Defendant was acting under color of law because _of his DIRECT violation_

10  _of Bell v. City of Boise et. al. 2015 by Forcing the Plaintiff to_

11  _move under penalty of arrest if I didn't. Just like JALON_

12  _OLIVER DID. THEREFORE, Sgt. MILLER AND VIOLATES REGULATION_

13  _1013 AND Commission Procedure C-5 re: my personal property_

14  _AND HomeLess PERSONS Rights, that officer MUNOZ UPHELD on_

15  _10/16/16._

16  ___. Defendant _____ works at

17  _Insert ¶ #_                    _(full name of Defendant)_

18  _____.
                        _(Defendant's place of work)_

19
20  Defendant's title or position is _____.
21                        _(Defendant's title or position at place of work)_

22  This Defendant is sued in his/her (check one or both):

23      ☐ individual capacity              ☐ official capacity

24
25  This Defendant was acting under color of law because _____

26  _____

27  _____

28  _____

                            _4_

Pro Se Clinic Form              _Page Number_

# IV. STATEMENT OF FACTS

*(Explain what happened in your own words. You do not have to cite legal authority in this section. Be specific about names, dates, and places. Explain what each Defendant did. Remember to number every paragraph.)*

9. To begin with, the Plaintiff would like to apologise to the Court and again to Mr. Lauber For mistakenly and wrongfully labelling him as an additional Defendant, over a misunderstanding of his statement re: Bobby Benson. From that point months ago he could have was should have contacted the Plaintiff to clear up any misunderstandings, just like he did in our most recent meet and confer, but he didn't. That's why and how I listed him as a seperate Defendant and cause of Action.

10. He explained that what he actually meant was to have Bobby Benson removed from the list of his clients, but not to be removed from my Complaint altogether, which is what I took that to mean. This is why he provided the Court with the correct service information yet the Court did not act upon it and neither could the Plaintiff because during April the Federal Court House was closed to the Public.

11. Now on to the Allegations of the Complaint II. = At the very end of Mr. Lauber's 1st paragraph he omits critical and vital information. That was not all Of c.r. Munoz them. That last sentence should read "— because of Federal Law enacted in 2015 that made it illegal to Force a homeless person From the sidewalk as long as they are not blocking any Forms of access, and their campsite was clean. My campsite complied." (Exs. pgs. 29 & 30 Ex. 4 & 5 of 6). Therefore, in paragraph 2, Defendant Miller did indeed act illegally and wrongfully against the Plaintiff, And his

5

12. WRONGDOING CAUSED the PLAINTIFF HARM. MOVING FORWARD
Insert ¶ #
LAPD OFFICER CONTEZ acted RESPONSIBLY re: his own FINDINGS, JUST
AS the PLAINTIFF HAD ASKED him to DO (which he FAILED, NEGLECTED
AND REFUSED to DO), the LAPD through him could HAVE AT LEAST
PROVIDED SHELTER ASSISTANCE AT the SAME Shelter - The Good
Shepherds - NOT EVEN 5 miles FROM there (just AS HERITAGE Clinic
DID, until the monetary claim could be SETTLED, but he
DID NOT ACT RESPONSIBLY. If he had, then the PLAINTIFF'S ENCOUNTER
with OFCR. ABNER would HAVE NEVER HAPPENED 5 months LATER.

13. From both AND EITHER of those points FORWARD, the
Insert ¶ #
City of Los ANGELES AND the LAPD, are responsible, in one WAY
or ANOTHER, FOR ANY AND ALL of the PLAINTIFF'S DAMAGES, in
ADDITION to the involvement of St. BARNABAS, who ALSO could HAVE
AND should HAVE but Did NOT. The PLAINTIFF RELIED ON ALL 3
Entities to our DETRIMENT, BASED upon the positions EACH WERE
in to help PROVIDE AT LEAST EMERGENCY housing, but NO one DID
until 11/1/17 through HERITAGE Clinic, involving OFCR. GROSS/
GIRAS, which would HAVE NOT HAPPENED either had BOBBY BENSON BEEN there

14. Re: the actions of DEF. ABNER, the PLAINTIFF was FOUND NOT
Insert ¶ #
GUILTY OF impeding A CLEAN up, by still having my tent up DURING the
DAY. What MR. Nichols AND OFCR. ABNER DO NOT mention, is that
the PLAINTIFF WAS complying AGAIN to move our tent to the NEW
LOCATION where the 11/1/17 INCIDENT took place; WHEN we went back
to get the tarp AND the hose, they had ALREADY put the tarp into the
GARBAGE truck AND REFUSED to Allow me to retrieve it. Why not?
That was my personal property. AND that's when OFCR. ABNER
WRONGFULLY ARRESTED me...

6

15. IN ADDITION to there being NO SIGNS of NOT CAMPING.
*Insert ¶ #*
Again, HAD I (we) gotten the much NEEDED help from both
the LAPD and the City of Los Angeles, DAMAGES to all concerned
would have obviously been REDUCED or ELIMINATED, but that help
NEVER came until 11/1/17, almost 1 year later to the DAY from
the 1st ENcounter on 11/17/16. All of these circumstances were
FAR beyond the Control of the Plaintiff, and Full RELIANCE
upon those who were in positions to help with immediate
housing, But did NOT. See Ex. pgs 9, 10, 11, 12, 13 + 14 Exs. 117
that support this PARAGRAPH. New photo EVIDENCE.

16. Supported by Exhibits on pages 27, 28 + 29
*Insert ¶ #*
that ESTABLISHED MALICIOUS Prosecution, committed by
Ofcr. Abner. IN ADDITION, the Plaintiff was in NO position
MENTALLY or physically to FILE our COMPLAINT against him
ANY SOONER, Due to circumstances that were BEYOND my
control. I had no physical ADDRESS, therefore NO protection
by the City could have been given to me (like NOW). Due to
being under 3 Doctor's care, homeless with no resources AND
the heinous NATURE of DEF Abner's crime, the statue should be
tolled because the Plaintiff ACTED IN good FAITH.

17. MOREOVER, DEF Abner's ACTION were IN Direct
*Insert ¶ #*
Violation of Regulation 1013-LAW ENforcement CODE
of Ethics and Commission Procedure C-3. He proceeded
against the Plaintiff illegally and with RECKLESS DISREGARD
for the Plaintiff's property and LEGAL Rights. Mr. Lauber himself
said that I had an obligation and duty to mitigate my own
DAMAGES (by trying to retrieve the top to my tent), but yet I was
promptly ARRESTED FOR attempting to do just that. Ex. 27+29
                                                    pgs. 63 + 64

7

Case 2:19-cv-09480-DSF-AGR   Document 48   Filed 02/18/21   Page 8 of 51   Page ID
#:745
Case 2:19-cv-09480-DSF-AGR   Document 37-1   Filed 10/07/20   Page 5 of 8   Page ID #:514

18. NEW photo EVIDENCE RE: Def. Almen's malicious prosecution
*Insert ¶ #*
(EX.1 1¶ pgs. 9-14) proving that there were NO "no camping'sighs
at the very location Sgt. Millen ordered me to go to. Just as there were
not on Wilshine Blvd. on 11/17/16 (photo pgs. 29+30) EVEN though there
is a sigh there NOW (pg. 31). I was therefore NOT illegally
camping on Wilshine Blvd. as officer MUNOZ had verified on 10/17/16
All NEW photo EVIDENCE CAN STAND ALONE on its own, AND ALL
support the Plaintiff's CLAIM of CODE of Ethics violation
Regulation 1013, AND the commission Procedure C-3.

19. As to CLAIM ONE - The synopsis on pg. 4 Lines 4-20 ARE
*Insert ¶ #*
correct. As to CLAIM TWO - LINES 21-25 ARE also correct.
III Applicable LEGAL STANDARDS - UNDERSTOOD. IV - Discussion
Statue of Limitations: FEDERAL Claims — We will AMEND the
Complaint to 3 seperate Complaints, instead of combining
the 3 different DATES AND INCIDENTS (11/17/16, 4/12/17 AND 11/( )17.
Applicable LAW. The Claim should not be DISMISSED As time
barred, because the Plaintiff cAn prove A set of FACTS (RE: ABC
Imaging) that would establish the timeliness of the claim, DATED
11/3/19 - SUNDAY - pg. 147 EX. 113A + pg. 148 Ex. 113B.
20. The CLAIM WAS FILED Around 9:15 Am MONDAY 11/4/19
*Insert ¶ #*
DUE to circumstances beyond the Plaintiff's Control, Nothing
could have been DONE About it until the NEXT Business DAY.
In other words, it was set as if the 1ST WAS ON A MONDAY,
AND the Plaintiff DELIBERATE(ly) WAITED until Thursday or
Friday for NO logical reason. In This CASE, there ARE two
Logical reasons 1. ABC Imaging 2. The CALENDAR itself,
which also was not in the Control of the Plaintiff.



1  21. As to CLAIM # ONE ALSO, by NOVEMBER 2018 I had
2  only been housed For 7 months. As the City confirmed, I had
3  already been hospitalized for not only the February 2017
4  incident at St. Barnabas but I was also in recovery for
5  Prostate cancer treatment in November 2015. I was
6  supposed to be still in my apartment, and not on the street
7  due to an illegal eviction. SEE CASE # BC633373. The
8  Plaintiff met all 5 of the Requested cause a motion. 1. No
9  RENT WAS DUE 2. NONE OF THE 14 LEGAL REASONS to Evict 3. the
   Plaintiff had 4. BED was fixed 5. Room PASSED inspection.
10  22. Circumstances that were beyond the Plaintiff'
11  control, is how all of this began; and then kept the
12  Plaintiff homeless and disabled living in a tent on the
13  sidewalk, complying with the LAPD orders, trusting and
14  believing in what we are being told also by Bobby Benson,
15  for almost 2 years After the illegal eviction took place.
16  We are not here to retry the case (at this moment) only
17  to provide the understanding that the Plaintiff DID not
18  contribute to my own homelessness; I literally had no other
    choice.
19  23. If I had gotten the housing Assistance from St. Barnabas
20  on 11/3/16, I would have never met Sgt. Miller. Why didn't
21  he uphold the same FEDERAL LAW that Ofcr. Munoz did.
22  And then, once the move was made, why didn't he make
23  Any further effort or contact with the Plaintiff, that
24  would have prevented the contact with Def. Abaen on
25  4/12/17. I was 66 yrs old at that time, and my HEALTH
26  (both physical and mental) came First ; just As it should have
27  SEE EXS 79 pg. 114, Ex. 80 pg. 115, Ex. 81 pg. 116, EX 82 pg. 117,
28  EX. 83 pg. 118, EX 84 pg. 119, EX 85 pg. 120 AND EX 86 pg. 121

9

24. Claim Two April 12, 2017 Incident - By 9/22/2019,

*Insert ¶ #*

After only 17 months of Recovery time (Dr. Kowalczyk said that it would have normally took about ONE year) living indoors, to regain my strength) after about 28 DAYS, 5 DAYS a week of radiation. But NO, instead 2 of the 3 years between 2015 + 2018 I was homeless. While also still fighting the eviction case, AND Looking for housing, All at the same time. IN NEITHER the 1st, or 2ND or 3RD claim could have been filed directly against police officers. The City could not have put in any orders of protection

25. If the LAPD didn't at least follow through

*Insert ¶ #*

with helping me get the monetary award, they surely were not going to DO ANYthing else either, especially knowing that money could have gotten me off the streets 5. Tolling - 1. Yes I had timely notice of the claim, but I was living outdoors with no address or protection 2. Defendants rights are not being prejudiced for circumstances that were beyond my control. 3. The Plaintiffs conduct was reasonable and in good faith - I had no other choices.

26. It wasn't just psychiatric issues, it was all medical

*Insert ¶ #*

issues, including no address + no protection. All of the incapacities did exist at the time all claims accrued, and it lasted from 2015 (November) to November 2019. There was no malice or negligence towards any of the Defendants by actions of the Plaintiff that and circumstances were not in control of the Plaintiff. IN Addition, Mr. Lauber is NOT A MEDICAL EXPERT on the

# IV. STATEMENT OF FACTS

*(Explain what happened in your own words. You do not have to cite legal authority in this section. Be specific about names, dates, and places. Explain what each Defendant did. Remember to number every paragraph.)*

27. EXTENT OF TREATMENT NEED, NOR of the side effects, none of the physical or mental challenges that were faced by me, severely complicated by my homeless condition and situation. Circumstances beyond the control of the Plaintiff prevented me from a timely filing, right up to November 1, 2019, involving ABC Imaging. Ex. 113A + 113B pgs 147 + 148. C. Claim ONE - 8th Amendment. The Criminal Penalty involves arrest on both 11/19/16 + 11/1/17.

28. Applicable Law - Monell Claim: 1. I was deprived of my 8th Amendment Rights as a homeless person; 2. The Sanitation Dept + the LAPD's policy of destroying campsites under orders of clean-up 3. It was adhered to with deliberate indifference to my Constitutional Rights in all 3 claims. The Municipality is liable because there is "a direct causal link" between its policies and the alleged constitutional violation.

29. The Plaintiff seeks to impose a single incident liability under Flores v. City of Los Angeles, because the unconstitutional consequences of failing to train all officers (not just officer Munoz) are so potently obvious that a Municipality could be liable under §1983 without proof of a pre-existing pattern of violations. The "Analysis" is incorrect. Miller made me move on 11/17/16 and not 11/1/16; Under Cooley v. City of Los Angeles, and Sullivan v. City of Berkely sufficiently states Monell Claim. The lack of training based on the DOJ Ruling of 2015 in Bell v. City of Boise

11

**ABC Los Angeles**

| | |
|---|---|
| **From:** | Dayna Catchings <catchings.dayna7@gmail.com> |
| **Sent:** | Tuesday, February 16, 2021 7:07 AM |
| **To:** | ABC Los Angeles |
| **Subject:** | Fwd: Stipulation to extend scheduling order |
| **Attachments:** | ABC Imaging 2.pdf |

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Hello Eddie;

Could you please make 3 copies of this e-mail and the 3 attachments for me?

I will be there around 10 a.m. to pick them up.


Thank you,

Dayna

---------- Forwarded message ---------
From: **Nicholas Lauber** <nicholas.lauber@lacity.org>
Date: Mon, Aug 17, 2020, 3:04 PM
Subject: Re: Stipulation to extend scheduling order
To: Dayna Catchings <catchings.dayna7@gmail.com>


Ms. Catchings:

I understand now.  Here are the two handwritten pages and the ABC Imaging work order from the Complaint.

On Mon, Aug 17, 2020 at 2:48 PM Dayna Catchings <catchings.dayna7@gmail.com> wrote:
 Hi Mr. Lauber,

 No, these are not the ones that I am referring to. I have this information that was attached to the Discovery Package.

 I was speaking of the back of the Complaint ITSELF that was filed on November 4th 2019.

 There is also my 2 page handwritten letter about ABC IMAGING's involvement (Ex's. 113a and 113b) that was filed with that submission.


 Thank you,

 Dayna C.

On Mon, Aug 17, 2020, 2:33 PM Nicholas Lauber <nicholas.lauber@lacity.org> wrote:
 Ms. Catchings:

1

To the Court:                                    11/3/19

In yet another hardship (no attorney, not able to pay filing costs) on Friday 11/1/19 in a serious attempt to comply by the filing DEADLINE, ERRORS occurred during the printing and copying process itself, by ABC Imaging which Resulted in the owner doing the hole punching For FREE, as opposed to a penny a page For All 5 sets that I ordered (as noted on their attached Receipt dated November 1, 2019), which were not the fault of the Plaintiff (including bottom of the page that is cut off by the printing machine and many pages had to be RENUMBERED by me over this weekend for All 5 sets), backs of Ex. 16, page 52, which will have to be REDONE on Monday 11/4/19.

In addition, more copies of the Request for Counsel were made, rather than the initial amount requested, while copies of The Proof of Service, The Request to Proceed FORMA PAUPERis with Declaration In Support and The Certification and notice of Interested Parties, 3 of the most Critical Documents, but were not done and will have to be done on Monday 11/4/19.

As the Court can see the Plaintiff finished and signed all documents on 10/30/19, two days before they were due to be filed. Ex. 18 pg. 146 was printed, not copied

147                                    EX. 113A

PAGE 2 of 2

Therefore, there is no Negligence on the part of the Plaintiff, nor can the Plaintiff be held responsible for the Actions of a third party being ABC Imaging. As we just stated Ex 113 pg 146, was to be paid for but not copied or Attached

Respectfully Submitted,

by Rupert Catching
Plaintiff Pro se

148

Ex. 113B

# ABC IMAGING

Thank you for the opportunity to be of service to you.

ABC Imaging - Los Angeles, CA Store
3550 Wilshire Blvd, Suite 124
Los Angeles, CA 90010
Phone: 213-624-9626

**Bill To:**

COD CA
**Dayna Catchings**

| Date | Work Order No. |
|------|----------------|
| 11/01/2019 | 19630940 |
| **Store** | **Ticket No.** |
| 4001 | 20395018-4008125 |
| **CSR** | **P.O. Number** |
| SAUL.BANUELOS | |
| **Status** | Open |

| Due Date | Ordered By | Job Name |
|----------|-----------|----------|
| 11/01/2019 | Dayna Catchings | |
| **Time** | **Company** | **Job Number** |
| 5:30 PM | Dayna Catchings | |

| Item Code | Description | Unit Size | Originals | Copies | Unit Price | Extended Price |
|-----------|-------------|-----------|-----------|--------|------------|----------------|
| 6100XPS8511 | Xerox Copy*8.5x11 - per impression | -- | 145 | 4 | $ 0.07 | $ 40.60 |
| 6100XPS8511 | Xerox Copy*8.5x11 - per impression | -- | 9 | 3 | $ 0.07 | $ 1.89 |
| 6100XPS8511 | Xerox Copy*8.5x11 - per impression | -- | 4 | 5 | $ 0.07 | $ 1.40 |
| 6100XPS8511 | Xerox Copy*8.5x11 - per impression | -- | 4 | 3 | $ 0.07 | $ 0.84 |
| 6100XPS8511 | Xerox Copy*8.5x11 - per impression | -- | 4 | 5 | $ 0.07 | $ 1.40 |

| | | |
|---|---|---|
| | Subtotal | $ 46.13 |
| 90010 - LOS ANGELES (CA) (9.50000%) | | $ 4.38 |
| | Total | $ 50.51 |
| | Payments | $ 50.51 |
| | Balance | $ 0.00 |

**Comments**

Complimentary 2 hole punch

---

**This is not a bill. Invoice to follow.**

I-49                    EX. 114





**Heritage Clinic**

447 N. El Molino Ave.
Pasadena, CA 91101
(626) 577-8480
Fax (626) 577-8978

3939 Atlantic Ave.
Suite 103
Long Beach, CA 90807
(562) 264-6001
Fax (562) 264-6006

155 N. Occidental Blvd.
Suite 243
Los Angeles, CA 90026
(213) 382-4400
Fax (213) 382-4494

1037 West Avenue N
Suite 205
Palmdale, CA 93551
(661) 575-9365
Fax (661) 575-9502

CAPS Alzheimer's
Day Care Centers

9740 E. Sierra Madre Blvd.
Pasadena, CA 91107
(626) 351-5427
Fax (626) 351-2308

540 E. Foothill Street
Altadena, CA 91001
(626) 917-1484
(626) 577-4455

May 5th, 2018

To Whom it may concern,

This letter is on behalf of Dayna Catchings who has been a client with Heritage Clinic since her intake date of October 19th, 2017. I had my first session with Ms. Catchings on October 25th, 2017 and have seen Ms. Catchings in nineteen face-to-face therapy sessions to date. In our most recent session client showed me her most recent demurrer with clearly missing relevant and pertinent information in which she reported that she has taken responsibility for this missing information. In the time I have worked with Ms. Catchings she has discussed with me a number of experiences that have caused her a great deal of anxiety. Miss Catchings initially presented as highly frustrated and agitated specifically regarding her history related to homelessness and the injustices she feels she has experienced related to these events below. I helped assist Ms. Catchings on November 1st, 2017 when her belongings were reportedly removed from the street by the sanitation department. Since the incident Ms. Catchings has displayed increasing psychological distress related to the reported loss of her belongings and experience of being forcibly removed from her home (Ms. Catchings' tent dwelling). Ms. Catchings has clearly been impacted by the events on November 1st and she reported that her rights have been violated by the sanitation department which reportedly removed her belongings without her expressed permission. Ms. Catchings has spent a great deal of time and energy in session expressing anger, frustration, anxiety, and escalation when discussing these issues which would indicate they have been traumatic for her. Further, Miss Catchings has expressed incidence of verbal assault from other residence in the shelter she was staying and and since has had the additional stressors of moving into a new residence while also managing financial issues and navigating complex social services. It is in my opinion that navigating these difficulties that Ms. Catchings usually acute attention to detail may have impacted.

Respectfully yours,

Amy Crowder, Psy.D.
Clinical Psychologist
PSY 30036

Supervisor:
Jamie Caris, Psy.D.
PSY 17387



**UROLOGY GROUP OF SOUTHERN CALIFORNIA**
JOHN J. KOWALCZYK, D.O., F.A.C.O.S. – ABBEY B. GASKE, M.D.

*Ex Ic*

December 27, 2016

Re: Catchings, Dayna
DOB: 04/01/1952

To Whom It May Concern:

Ms. Dayna Catchings has been diagnosed with cancer of the prostate. This causes frequent outpatient

office visits and continued treatment. It would be beneficial to the patients health if there were permanent

housing.

If you have any further questions or concerns please call my office (213)977-1176.

John J. Kowalczyk, D.O., F.A.C.O.S.

1127 Wilshire Boulevard, Suite 1001 Los Angeles, California 90017
Office: (213) 977-1176   Fax: (213) 977-0668





PLE Exhibit-twenty-three



AHF DOWNTOWN HEALTHCARE CENTER
1400 S. Grand Ave., Suite 801
Los Angeles, CA 90015
Tel 213.741.9727
Fax 213.741.0867

To whom it may concern,

Dayna Catchings (DOB 4/1/1952) is a patient of our clinic. Due to multiple chronic health conditions, as defined in the attached documents, we feel it would be beneficial for her to obtain housing, and that her medical condition would deteriorate if she were to be homeless. Please see the attached medication list, problem list, and recent progress note for documentation purposes. If there is further information that is required please contact our office.

D. Tellalian, MD

Medical Director

AIDS Healthcare Foundation

Date 1/6/2017

114

Catchings v.
California
Ex. 79

EX. 27A

## IN-HOME SUPPORTIVE SERVICES (IHSS) PROGRAM HEALTH CARE CERTIFICATION FORM

| Applicant/Recipient Name: | IHSS Case #: |
|---|---|
| CATCHINGS, DAYNA | 0845380 |

### C. HEALTH CARE INFORMATION (To be completed by a Licensed Health Care Professional Only)

**NOTE: ITEMS #1 & 2 (AND 3 & 4, IF APPLICABLE) _MUST_ BE COMPLETED AS A CONDITION OF IHSS ELIGIBILITY.**

1. Is this individual <u>unable</u> to independently perform one or more activities of daily living (e.g., eating, bathing, dressing, using the toilet, walking, etc.) or instrumental activities of daily living (e.g., housekeeping, preparing meals, shopping for food, etc.)? May need assistance if side effects are severe.     ☑ YES    ☐ NO

2. In your opinion, is one or more IHSS service recommended in order to prevent the need for out-of-home care (See description of IHSS services on Page 1)?     ☑ YES    ☐ NO

*If you answered "NO" to either Question #1 OR #2, skip Questions #3 and #4 below, and complete the rest of the form including the certification in PART D at the bottom of the form.*

*If you answered "YES" to both Question #1 AND #2, respond to Questions #3 and #4 below, and complete the certification in PART D at the bottom of the form.*

3. Provide a description of any physical and/or mental condition or functional limitation that has resulted in or contributed to this individual's need for assistance from the IHSS program:

   Patient will be receiving daily radiation treatments for prostate cancer. Side effects during treatment may include fatigue, urinary frequency, incontinence, diarrhea, infection or constipation.

4. Is the individual's condition(s) or functional limitation(s) expected to last at least 12 consecutive months?     ☐ YES    ☑ NO

*Please complete Items # 5 - 8, to the extent you are able, to further assist the IHSS worker in determining this individual's eligibility.*

5. Describe the nature of the services you provide to this individual (e.g., medical treatment, nursing care, discharge planning, etc.):

6. How long have you provided service(s) to this individual?

7. Describe the frequency of contact with this individual (e.g., monthly, yearly, etc.):

8. Indicate the date you last provided services to this individual:     ___ / ___ / ___

**NOTE:  THE IHSS WORKER MAY CONTACT YOU FOR ADDITIONAL INFORMATION OR TO CLARIFY THE RESPONSES YOU PROVIDED ABOVE.**

### D. LICENSED HEALTH CARE PROFESSIONAL CERTIFICATION

By signing this form, I certify that I am licensed in the State of California and/or certified as a Medi-Cal provider, and all information provided above is correct.

| Name: | Title: |
|---|---|
| Rosalyn Morrell | Physician |

Address: 8929 Wilshire Blvd, Suite 100, Beverly Hills, CA 90211

| Phone #: | Fax #: |
|---|---|
| 424-249-7500 | 424-249-7609 |

| Signature: | Date: |
|---|---|
| Rosalyn Morrell, M.D. | 9-11-15 |

| Professional License Number: | Licensing Authority: |
|---|---|
| A109788 | Medical Board of California |

PLEASE RETURN THIS FORM TO THE IHSS WORKER LISTED ON PAGE 1.

SCD 873 (11-11)                                                                                    PAGE 2 OF 2

116

Catchings Nationwide
EX-81

Ex. 21s



*Certificate of Completion*

is hereby granted to:

**Dayna Catchings**

Who has, with fortitude and strength, completed
her radiation treatment plan on this day,
The 19th of November 2015.

**ADVANCED**
radiation center
of beverly hills

Ex. 21s

Doc# 1 Page# 153 - Doc ID = 1724336029 - Doc Type = OTHER

115

catchings
v. california
Ex. 8

30. E. CLAIMS AGAINST CORTEZ; the claim has been
*Insert ¶ #*   AMENDED. He is NOW MENTIONED in CLAIM #1.
Therefore, there is A viable claim against him.
CLAIMS ONE, TWO AND Three Are All seperate
FROM EACH other AND NOT COMBINED together.
IV - RECOMMENDATION - We have ACCEPTED the
Recommendation with Leave to Amend into this
Second Amended Complaint. I only Attached
EXS. that were pertinent to EACH section. AND CLAIMS,
UNDER DODD V. CITIZEN'S BANK OF COSTA MESA

30A
*Insert ¶ #*   The Exhibits Are AS Follows: Statement of Facts -
7 Exhibits; CLAIMS ONE - Six Exhibits; CLAIMS TWO -
8 Exhibits; CLAIMS Three - 7 Exhibit
All listed Exhibits support the issues contained within
the Statement of Facts, CLAIM ONE, CLAIM TWO AND
CLAIM 3. They all Are SELF Explanatory.

*Insert ¶ #*

## V. CLAIMS

### Claim #1

31. Plaintiff realleges and incorporates by reference all of the paragraphs above.

*Insert ¶ #*

32. Plaintiff has a claim under 42 U.S.C. §1983 for violation of the following

*Insert ¶ #* federal constitutional or statutory civil right:

VIOLATION of the CODE of Ethics/REGULATION 1013, AND Commission PROCEDURE C-3. IN ADDition to the DOJ Ruling BELL v. City of Boise et. AL. in 2015, re: the Rights AND Responsibilities of the homeless.

33. The above civil right was violated by the following Defendants:

*Insert ¶ #* AS to the NOVEMBER 17, 2016 inciSEnt: DEFENDANTS

1. JOEL MILLER
2. ARMANDO CORTEZ

(You may list facts supporting your claim. Be specific about how each Defendant violated this particular civil right.)

34. JOEL MILLER wrongfully AND illEGALLY FORCED the

*Insert ¶ #* Plaintiff to LOWER our tent AND move, UNDER PENALTY or ARREST if I DIDN'T to A NEW LoCATion. His problem is that the Plaintiff's Rights (due to the DOJ Ruling in 2015) had AlREADY BEEN ESTABLISHED AS beig's Legally CORRECT by officer MUNOZ, one month prior to his involvement on 10/17/16. Sgt. MILLER had NO probable CAUSE or Action BASED upon the Plaintiff illEGALLY CAMPING. No SIGNS WERE POSTED

35. As a result of the Defendant's violation of the above civil right, Plaintiff

*Insert ¶ #* was harmed in the following way: By him showing RECKLESS DISREGARD FOR the LAW, the Plaintiff's Rights AND the Plaintiff's Property. He could have mADE SURE that KOREAN Air's Security GUARDS SAFEGUARDED MY property, yet he FAILED, NEGLECTED AND REFUSED to DO SO.

13

## Claim #(*1*)
*(insert Claim#)*

36. Plaintiff realleges and incorporates by reference all of the paragraphs above.
*Insert ¶ #*

*(List any other legal claim you have that is related to your civil rights claim.)*

37. Violation of the CODE of Ethics Regulation 1013 and
*Insert ¶ #*
Commission Procedure C-3. He DID Not Act
Responsibly or timely, with regards to the
damages to the Plaintiff's personal property.
HAD he acted differently, Any And All further DAMAGE
to both the Plaintiff And the City of Los Angeles could have,
Should have And would have been reduced or eliminated.

38. Plaintiff alleges the above claim against the following Defendant(s):
*Insert ¶ #*
ARMAND CORTEZ, As to the November 17, 2016
Incident, He assessed damages of $1,670.00 As A direct
Result of having my Personal Property destroyed, due to the
involvement of Sgt. MILLER.

*(You may list facts supporting your claim. Be specific about how each Defendant violated the rights giving rise to this claim.)*

39. He assessed a dollar Amount to the damages, yet he failed,
*Insert ¶ #*
Neglected And refused to follow up with the City Attorney's Office
rejection of the claim, And with the Plaintiff's LAST
Request for help with payment in October 2019, one month
before filing this complaint in November 2019. In addition,
And phone calls from Det. BRAVO were never returned to the
Plaintiff RE: the Investigation. EX 15A, pg. 50. The Plaintiff's
Right to KNOW WAS VIOLATED.

40. As a result of the Defendant's violation of the rights giving rise to this
*Insert ¶ #* claim, Plaintiff was harmed in the following way: It was up to
ARMANDO Cortez to make sure that the investigation went
correctly, And that the Plaintiff has a legal Right to KNOW. In
Addition, the Plaintiff DANNY needed that money for housing.
Then the situation with JASON ABNER 5 months later in April
8, 017, NEVER would have occurred

*14*



OFCR.                    MOFE        11/19/16

ARELLANO Det. BRAVO

213-484-3489

484-3613

RAMPART 1/19/17
CALLED

PG.50

EX.
15A

Los Angeles Police Department

**INVESTIGATIVE REPORT**

| | | | CODE | COMBINED EVID. ON THIS REPORT |
| | | | | MULTIPLE DRS ON THIS REPORT |

REPORT OF:

**CASE SCREENING FACTOR(S)**

- [ ] SUSPECT/VEHICLE NOT SEEN
- [ ] PRINTS OR OTHER EVIDENCE NOT PRESENT
- [ ] MO NOT DISTINCT
- [ ] PROPERTY LOSS LESS THAN $5,000
- [ ] NO SERIOUS INJURY TO VICTIM
- [ ] ONLY ONE VICTIM INVOLVED

**PREMISES** (SPECIFIC TYPE)   [ ] ATM

**ENTRY** 459/BFV POINT OF ENTRY      POINT OF EXIT

- [ ] FRONT
- [ ] REAR
- [ ] SIDE
- [ ] ROOF
- [ ] FLOOR
- [ ] OTHER

METHOD

INSTRUMENT/TOOL USED

**VICT'S VEH.** (IF INVOLVED) YEAR, MAKE, TYPE, COLOR, LIC. NO.

**MO** IF LONG FORM, LIST UNIQUE ACTIONS. IF SHORT FORM, DESCRIBE SUSPECT'S ACTIONS IN BRIEF PHRASES, INCLUDING WEAPON USED. DO NOT REPEAT ABOVE INFO BUT CLARIFY REPORT AS NECESSARY. IF ANY OF THE MISSING ITEMS ARE POTENTIALLY IDENTIFIABLE, ITEMIZE AND DESCRIBE ALL ITEMS MISSING IN THIS INCIDENT IN THE NARRATIVE.

| MANDATORY MARSY'S RIGHTS CARD PROVIDED TO THE VICTIM | [X] | MOTIVATED BY HATRED/PREJUDICE | [ ] | DOMESTIC VIOLENCE | [ ] |

**REPORTING EMPLOYEE(S)**

INITIALS, LAST NAME    SERIAL NO.    DIV/DETAIL    PERSON REPORTING    SIGNATURE    (OR RECEIVED BY PHONE) [ ]

NOTE: IF SHORT FORM AND VICTIM/PR ARE NOT THE SAME, ENTER PR INFORMATION IN INVOLVED PERSONS SECTION.

PLE-71

## THIS REPORT DOES NOT CONSTITUTE VALID IDENTIFICATION

KEEP THIS REPORT FOR REFERENCE. INSTRUCCIONES EN ESPANOL AL REVERSO.

*Your case will be assigned to a detective for follow-up investigation based upon specific facts obtained during the initial investigation. Studies have shown that the presence of these facts can predict whether a detailed follow-up investigation would likely result in the arrest and prosecution of the suspect(s) or the recovery of property, in a manner that is cost-effective to you, the taxpayer. Significant decreases in personnel have made it impossible for detectives to personally discuss each and every case with all crime victims. A detective will not routinely contact you, unless the detective requires additional information.*

**TO REPORT ADDITIONAL INFORMATION:** If you have specific facts to provide which might assist in the investigation of your case, please contact the detective Monday through Friday, between 8:00 A.M. and 9:30 A.M., or between 2:30 P.M. and 4:00 P.M. at telephone number _____. If the detective is not available when you call, please leave a message and include the telephone number where you can be reached.

**COPY OF REPORT:** If you wish to purchase a copy of the complete report, phone (213) 486-8130 to obtain the purchase price. Send a check or money order payable to the Los Angeles Police Department to Records and Identification Division, Box 30158, Los Angeles, CA 90030. Include a copy of this report or the following information with your request: 1) Name and address of victims; 2) Type of report and DR number (if listed above); 3) Date and location of occurrence. NOTE: Requests not accompanied by proper payment will not be processed.

**DR NUMBER:** If not entered on this form, the DR number may be obtained by writing to Records and Identification Division and giving the information needed to obtain a copy of the report (see above paragraph). Specify that you only want the DR number. It will be forwarded without delay. There is no charge for this service.

**CREDIT CARDS/CHECKS:** Immediately notify concerned credit corporation or banks to avoid possibility of being liable for someone else using your stolen or lost credit card or check.

**HOW YOU CAN HELP THE INVESTIGATION OF YOUR CASE:**

* Keep this memo for reference.
* If stolen items have serial numbers not available at time of report, attempt to locate them and phone them to the detective at the listed number.
* If you discover additional losses, complete and mail in the Supplemental Property Loss form given to you by the reporting employee.
* Promptly report recovery of property.
* Promptly report additional information such as a neighbor informing you of suspicious activity at time crime occurred.

**VICTIM-WITNESS ASSISTANCE PROGRAM:** The Los Angeles City and County Victim-Witness Assistance Program (VWAP) can help to determine if you qualify for Victim of Violent Crime compensation. If you qualify, they will assist with filling your claim application. If you are a victim or a witness to a crime and will be going to court, they will explain the court procedures to you. Their staff may also assist you with other problems created by the crime.

To find the program location nearest to you, call the Victim-Witness Assistance Program at the Los Angeles City Attorney's Office (213) 485-6976, or the Los Angeles County District Attorney's Office (800) 380-3811.

**VICTIMS OF VIOLENT CRIME COMPENSATION:** Refer to paragraph at bottom of reverse side.

EM Ba PLE-83



May 24, 2017

Dayna R. Catchings
750 W. 7th Str., #811661
Los Angeles, CA 90081

Claimant: Dayna R. Catchings

The claim you submitted has been forwarded to the Office of the City Attorney in accordance with
City Council rules. The number assigned to the claim is:

Claim Number: C17-11722

Correspondence or questions regarding the claim should be in writing and sent to:

**Claims Section
Office of the City Attorney
200 North Main Street
City Hall East, Room 600
Los Angeles, California 90012
(213) 978-7050**

An Equal Employment Opportunity - Affirmative Action Employer

PAGE 16                                   Ex. Dr

(Ex. R73)



March 30, 2018

Dayna R. Catchings
P.O.BOX. 811661
Los Angeles, CA 90081

Claimant: Dayna R. Catchings

The claim you submitted has been forwarded to the Office of the City Attorney in accordance with City Council rules. The number assigned to the claim is:

Claim Number: C18-04092"  C17-11722  CONNECTED

Correspondence or questions regarding the claim should be in writing and sent to:

**Claims Section**
**Office of the City Attorney**
**200 North Main Street**
**City Hall East, Room 600**
**Los Angeles, California 90012**
**(213) 978-7050**

1:30pm.
FERNANDO

An Equal Employment Opportunity - Affirmative Action Employer

Ex. A4
PAGE 13

Catchings v.
California
EX A4

**Claim #(2)**

*(insert Claim#)*

*41.* Plaintiff realleges and incorporates by reference all of the paragraphs above.
*Insert ¶ #*

*(List any other legal claim you have that is related to your civil rights claim.)*

*42* VIOLATION of the Code of Ethics REGULATION 1013,
*Insert ¶ #*
AND Commission Procedure C-3. In ADDITION to the
DOS Ruling BELL V. City of Boise et. al. of 2015, Re: the
Rights AND RESPONSibilities of the homeless.

*43.* Plaintiff alleges the above claim against the following Defendant(s):
*Insert ¶ #*
1. JASON AbNER, As to the
April 12, 2017 incident involving wrongful ARREST
And malicious Prosecution.

*(You may list facts supporting your claim. Be specific about how each Defendant*
*violated the rights giving rise to this claim.)*

*44.* DEFENDANT AbNER ACTED with willful AND RECKLESS
*Insert ¶ #*
DISREGARD FOR the LAW, the Plaintiff's Rights AND the
Plaintiffs property. He also had no probable cause For taking
Action against the Plaintiff by 1. Stating that there was
"NO camping" + 2. By not allowing the Plaintiff to retrieve the
top of my tent from the GARbAGE truck. The Plaintiff had
ALREADY MOVED Almost EVERYthing Except the bottom And the top
to the tent.

*45.* As a result of the Defendant's violation of the rights giving rise to this
*Insert ¶ #* claim, Plaintiff was harmed in the following way: his Actions were
UNREASONABLE, ARbitRARY AND UNCONSCIONABLE. There
WAS NO NEED For the DESTRUCTION of my PERSONAL Property, there
WAS NO NEED For the ARREST, AND most DEFINITELY NOT For the
malicious Prosecution As well. He ALSO illEGALLY FORCED me
to move From the location that Sgt. Miller had sent me to.

EX. 21p

LOS ANGELES POLICE DEPARTMENT
CITY OF LOS ANGELES ☐ MISDEMEANOR ☑ INFRACTION **F94137**
**NOTICE TO APPEAR** NONTRAFFIC (Citation No.)

| Date of Violation | Time ☐ AM ☐ PM | Day of Week S M T W T F S | Arrest DR No. | Evidence DR No. |
|---|---|---|---|---|
| 04/12/17 | 1205 | (W) | | 170209000 |

Name (First, Middle, Last)
DAYNA CATCHINGS

Address 750 W 7TH ST #81161 LA 90081

City LOS ANGELES State CA ZIP Code 90081

Driver's No. 01467938 State CA Class ID Age 65 Birth Date 04/01/52

| Sex | Hair | Eyes | Height | Weight | Race | Other Description |
|---|---|---|---|---|---|---|
| F | BLK | BRN | 602 | 200 | BLK | |

| Code | Ordinance | Description | Misdemeanor or Infraction (Circle) |
|---|---|---|---|
| 56.11 (10)(b) LAMC – SUSP HAD | | | M ☐ (I) |
| TENT ERECT (RED & GREY) BTWN | | | M I |
| THE HOURS OF 6AM AND 9PM | | | M I |
| SUSP ALSO ATTEMPTED TO IMPEDE | | | M I |
| THE SCHEDULED CLEAN-UP BY | | | M I |
| LA SANITATION WORKERS | | | M I |
| | | | M I |
| | | | M I |

Location of Violation(s) JAMES M WOOD @ 110 FWY City and County of Los Angeles

Comments (Including RD number) RD0269 ☐ Booking Required (see reverse)

☐ Violations not committed in my presence, declared on information and belief.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.

Arresting or Citing Officer ABNER ☐ TE ☐ CT DIV RAMP Serial No. 35838 Dates Off

Date 04/12/17 Name of Arresting Officer, if different from Citing Officer to Dates Off

WITHOUT ADMITTING GUILT, I PROMISE TO APPEAR AT THE TIME AND PLACE INDICATED BELOW.
X Signature

WHEN: ON THIS DATE 07/12/17 TIME: 0830 ☑ AM ☐ PM

WHAT TO DO: FOLLOW THE INSTRUCTIONS ON THE REVERSE.
WHERE:
☑ Metropolitan, 1945 South Hill Street, Los Angeles, 90007
☐ Long Beach, 275 Magnolia Avenue, Long Beach, 90802
☐ Van Nuys, 14400 Erwin Street Mall, Van Nuys, 91401
☐ San Fernando, 900 Third Street, San Fernando, 91340
☐ Chatsworth, 9425 Penfield Avenue, Chatsworth, 91311
☐ Airport, 11701 South La Cienega Boulevard, Los Angeles, 90045
☐ East Los Angeles, 4848 E. Civic Center Way, Los Angeles, 90022
☐ Beverly Hills, 9355 Burton Way, Beverly Hills, 90210
☐ _____

☐ TO BE NOTIFIED ☐ COURT CLERK

✕ F 9 4 1 3 7 ✕

COURT COPY

Notice to Appear form approved by the Judicial Council of California.
Rev. 07-01-13 (Pen. Code, § 853.9)

TR-120
FORM 05.02.02 (08/14)

CATchings
CALIFORNIA
Ex. 27



(Page 1 of 1)

$Ex.21R$

1 previous JDOCs in THIS

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

**LOS ANGELES SUPERIOR COURT - METROPOLITAN BRANCH**                  Ref: CT002
1945 SO. HILL STREET  LOS ANGELES, CA 90007

**TRIAL DOCKET**

CASE NO.: F94137      LEA: 1942    VLN: PED          DOB: 04/01/52  OLN: D1467938

DEFENDANT: DAYNA CATCHINGS                TRUE NAME:_____

| CHARGE(S): | | DUE AMT: $ 234.00 |
|---|---|---|
| 1) 565110B | 2) | |
| property blocking sidewalk $ 35.00 | 3) | 4) |
| | $ | $ |

Type of Bail:  OR     DMV Abstractable: Y    Priors: 0          Traffic School Eligible: N

Bail Amount:t    · Receipt #:        Date Posted: //        Date Issued: April 12, 2017

DATE: September 22, 2017    TIME: 1:30pm  DEPT: 067    CLERK:   Keith Ryan        CSR#:

**GUS T. MAY**

JUDGE/COMMISSIONER/TEMP JUDGE: Commr. Victor M. Taberado    STIP FILED [ ]  PROSECUTOR:_____

INTERPRETER:_____ CERT/REG#:_____ LANGUAGE: SPANISH [ ]_____
FOR: DEF [ ]_____ (THIS COURT HAS VERIFIED INTERPRETER'S BADGE AND OATH IS ON FILE.)

CAUSE CALLED FOR TRIAL

[ ] DEFENDANT NOT IN COURT
   [ ] The court deems-that the defendant has elected to proceed by way of Trial by Written Declaration in Absentia pursuant to Ve-
      hicle Code section 40903.
   [ ] The court reviewed the defendant's notice to appear.
   [ ] Bail forfeited. No further proceedings-Time_____ [ ] Bench warrant ordered. Bail $ _____ [ ] Hold/Warrant to (re) issue
[ ✓ ] DEFENDANT IN COURT [ ✓ ] Without counsel. [ ] Represented by counsel _____
[ ] Defendant duly arraigned and informed of the charges against him. Defendant advised of the right to counsel of choice or public
defender, to a speedy trial by court, confrontation and cross-examination of witnesses, process of the court to subpoena witnesses in
own behalf and against self-incrimination.
[ ] PURSUANT TO P.C. 17d2: The Court, with the consent of the defendant, determines that the offense is an infraction in which
event the case shall proceed as if the defendant had been arraigned on an infraction complaint.
[ ] Defendant personally acknowledges understanding of the above. Defendant pleads not guilty and demands trial forthwith.
[ ] Defendant waives time for trial.
[ ] Court accepts defendant's change of plea:    [ ] guilty       [ ] nolo contendere
[ ] People not ready to proceed. Case dismissed pursuant to 1385 P.C.
[ ] Dismissed - Officer not present to testify  [ ] Dismissed - Officer has no recollection
[ ] Dismissed-_____

[ ] On motion of (COURT) (PEOPLE) (DEFENDANT) case reset for trial to ~~ENTERED ETRS~~ at ___ m. in Dept _____
[ ✓ ] Defendant  [ ✓ ] Officer  sworn and examined.
[ ] Additional witnesses sworn and examined for _____

SEP 25 2017

(50)

[ ✓ ] Both parties rest.

[ ] DEFENDANT ADJUDGED GUILTY  [ ] Defendant in Court and arraignment and time for judgement and sentence having been
waived and there being no cause why judgement should not now be pronounced, it is adjudged and ordered by the Court that as a sen-
tence for the violations charged, the defendant shall pay a fine in the sum of $_____ plus penalty assessment as
to Count(s) _____    [ ] Cash Bail Applied.

As to remaining Counts _____;  [ ] Sentence Suspended  [ ] Not Guilty  [ ] Dismissed
[ ✓ ] DEFENDANT ADJUDGED NOT GUILTY ON ALL COUNTS
   { [ ] Bail Ordered Exonerated        [ ] The clerk is ordered to notify the defendant.
[ ] DEFENDANT PERMITTED TO ATTEND 8-HOUR TRAFFIC SCHOOL IF ELIGIBLE PURSUANT TO CRC 4.104

[ ] COMMENTS: _____

_____
_____
_____

Created:09/14/17

Catchings v.
California
Ex.29

65
51







EX-
117

11







14

Ex 117

**Claim #( 3 )**

*(insert Claim#)*

46. Plaintiff realleges and incorporates by reference all of the paragraphs above.

*Insert ¶ #*

*(List any other legal claim you have that is related to your civil rights claim.)*

47. Violation of the CODE OF Ethics Regulation 1013,
*Insert ¶ #* AND Commission Procedure C-3. In Addition to the
DOJ Ruling BELL v. City of Boise et. Al. of 2015, RE: the
Rights and Responsibilities of the homeless. There was
NO REASON for Officer GRAS/Giras to refuse to Allow me to move my
personal property, which NEVER would have happened had Bobby
BENSON BEEN THERE.

48. Plaintiff alleges the above claim against the following Defendant(s):
*Insert ¶ #*
          1. Officer GRAS/Giras
          2. Bobby BENSON of the Sanitation Dept
RE: the November 1, 2017 incident.

*(You may list facts supporting your claim. Be specific about how each Defendant violated the rights giving rise to this claim.)*

49. Officer GRAS/Giras' Actions towards the Plaintiff
*Insert ¶ #* were Also UNREASONABLE, Arbitrary and unconscionable
with RECKLESS DISREGARD she stood by and allowed my Personal
Property and tent to be Destroyed. I informed her of my
Agreement with MR. BENSON, but she told me that I could not
WAIT FOR him, And if I did not leave, she would Arrest me.
SEE Exs. 4A & 4B AND photo pgs. 27 & pg 6, pg. 49 Ex. 15
50.  PS. 33
As a result of the Defendant's violation of the rights giving rise to this
*Insert ¶ #* claim, Plaintiff was harmed in the following way: My Civil And
Constitutional Rights were violated, FEDERAL LAW was
violated, AND my tent AND Personal Belongings (Property)
WAS DESTROYED Again on 11/1/17 EX. 15 pg. 49 (Duplicate of
Ex. 10).

## Claim #(3)
*(insert Claim#)*

51. Plaintiff realleges and incorporates by reference all of the paragraphs above.
*Insert ¶ #*

*(List any other legal claim you have that is related to your civil rights claim.)*

52. Violation of the Code of Ethics Regulation 1013 And
*Insert ¶ #* Commission Procedure C-3 in Addition to The DOJ
Ruling 2016 Bell v. City of Boise et. al., by failing, neglecting
And Refusing to protect my personal property And the Rights
And Responsibilities of the homeless, As long as I continued
to seek housing And complied with the clearing Procedure, which
I did do.

53. Plaintiff alleges the above claim against the following Defendant(s):
*Insert ¶ #*
Bobby BENSON – SANITATION DEPT For the
City of Los Angeles, As to the November 1, 2017
Incident.

*(You may list facts supporting your claim. Be specific about how each Defendant violated the rights giving rise to this claim.)*

54. On or about 4/17/17, Bobby BENSON had promised to
*Insert ¶ #* protect me From Any And All Adverse Reactions towards
me by the LAPD And so did LAHSA (Exs. 8A+8B ps. 41+42)
However, on 11/1/17, he Breached that contract by failing,
neglecting And refusing to be present during the clean
up Procedure to protect both my Rights And my Personal
Property.

55. As a result of the Defendant's violation of the rights giving rise to this
*Insert ¶ #* claim, Plaintiff was harmed in the following way: By putting me
in harm's way with my contact with Officer Gras/Giras
which never would have occurred had he been there.
Since he wasn't there, As per my Agreement with him (including
my text message to Gilbert Jimenez of LAHSA on 11/1/17) my text
And personal property was All Destroyed (pg. 49 Ex. 15). The text
message to Gilbert was At 8:43  17  SEE Ex. 17 pg. 68.

11:03

**G    Gilbert Jimenez...**

Good Morning, Mr. Jimenez...
that would be okay.

But right now, I'm preparing
to the clean-up scheduled for
this morning.

There have been some new
developments with AJ last Liz
that happened yesterday. So,
in ADDITION to them....

It would be advisable for you
to contact my mental health
worker at the Heritage Clinic.

Her name is Amy, and
her phone number is...

.

Let me know what you find
out.

Thank you,

Dayna

(If in bETWEEN
PAGE NumbERS ANd
missing, its hand for me
to remember ALL of them
as I am writing. The Table
of Contents confirms the
correct oRDER)

12/4/

282

108

EX. 111





PAGE 41





52B

Ex. 6B



PAGE 33

CAtchens
in CAlifornia

EX. 4A



DATE: 11/11/19    TIME: 1115    INC. NO. 2311

POSTED CLEAN UP LOC 8TH
E/OF GARLAND w/OF 110 FWY
SANITATION / WATER SHED IN
CHARGE OF CLEAN UP
CALTRANS & CHP ON CALTRANS PROP

If you wish to comment on the level of service you received, please
contact a Department supervisor or telephone 800-339-6868, or
TTY for the hearing-impaired (213) 485-3604.

LOC FOR CLEAN UP

Catalina v.
California
Ex. 4 B

PAGE 341



Duplicate of Exhibit 10
by mistake

49

Caldways v.
California 15
ex Fx.

# VI. REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests:

56. The Aforementioned amount of 7.5 M, plus All Court Costs, Fees And interest From 11/17/16 to the present. All of the Listed Defendants violated the Law Enforcement Code of Ethics Regulation 1013

57. And the Commission Procedure C-3, plus the DOJ Ruling of 2015-Bell v. City of Boise et. Al.; in one way or another, beginning with the wrongful and illegal Actions of Son Miller on 11/17/16, which then set A whole chain of negative events towards the Plaintiff in motion, on 11/17/16.

58. Next, came the involvement of Officer Ahner on 4/12/17, which also involves the threat of Arrest (which he did) that resulted in malicious Prosecution of the Plaintiff which we won in September 2017; in Addition I was denied the $1,670.00 that the LAPD has promised me on 11/22/16 by Offcr. Cortez.

59. And, Finally because of the illegal And wrongful Actions on 11/1/17 by Officer Gras/Grings by not allowing me to move my belongings to the other side of the chain link Fence out of their way, which would never had occurred had Bobby Benson been there to protect my Rights, As he has promised me that he would do.

Dated: _February 15, 2021_

Sign: _____

Print Name: _Daymar R. Catchings_

_18_



1  DAYNA R. Catchings
2  626 S. Alvarado St. Apt #411
3  Los Angeles, CA. 90057
4  323-373-5355
5  Plaintiff in Pro Per
6
7        United States District Court.
8            Central District of California
9
10 DAYNA R. Catchings                    CASE NO:. CV19-9480 DSF (AGR)
        Plaintiff
11                                        PROOF OF SERVICE
12 vs.                                         by MAIL
13 City of Los Angeles, et. al
14        DEFENDANTS
15
16
17
18
19 I, DAYNA R. Catchings
20 my Address is 626 S. Alvarado St Apt #411 L.A. CA. 90057
21 which is located in the County where the mailing
22 described below took place.
23    On February 16, 2021     , I served the following
24 documents described as:
25    1. Plaintiff's SECOND AMENDED Complaint
26 ON ALL INTERESTED PARTIES IN this ACTION by placing A true
27 And correct copy thereof in A sealed Envelope, with
   First Class Postage paid thereon And Deposited said
28

1 | ENVELOPE in the UNITED States MAIL AT on in
2 |
3 | Los Angeles, California,
4 | ADDRESSED to:
5 |
6 | Nicholas LAUBER DCA
7 |
8 | Office of the City Attorney, Police Litigation Unit
9 | 200 N. MAIN St. Room 600
10 |
11 | Los Angeles, CA. 90012
12 | I DECLARE UNDER PENALTY of PERjury that the
13 | foregoing is true AND correct
14 |
15 | EXECUTED ON February 16, 2021    At
16 | Los Angeles, California
17 |
18 |
19 |
20 |
21 |
22 | DAYNA R. Catchings
23 |
24 |
25 |
26 |
27 |
28 |

